UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elizabeth Peters,                                                            Civil No. 15-4602 (WMW/FLN)

                Plaintiff,
                                                                              **ORDER AND**
v.                                                                            **REPORT AND**
                                                                              **RECOMMENDATION**
Wells Fargo et al.,

                Defendants.
_____

Elizabeth Peters, *pro se*, for Plaintiff.
No appearance for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Court's January 27, 2016 Order to Show Cause (ECF No. 4) and Plaintiff's request for a refund of her filing fee (ECF No. 6). For the reasons set forth below, Plaintiff's request for a refund is **DENIED** and the Court recommends that this action be **REMANDED** to Iowa state court.

On December 30, 2015, Plaintiff Elizabeth Peters filed a *pro se* document, purporting to remove an action to this District that was filed against her and others by Wells Fargo Bank N.A. in Iowa state court. *See* ECF No. 1. As outlined in its January 27 Order, the Court is confused by her Notice of Removal as Peters's caption lists herself as the sole Plaintiff and the following entities as Defendants: Wells Fargo, Jordan Heights Homeowners Association, Inc., Portfolio Recovery Association, Ford Credit, Telecommunications Networks Private, the United States, and Hicklin Garage Door Openers.[1] ECF No. 1. However, a document attached to Peters's Notice of Removal, that is presumably from the Iowa state court action, indicates that Wells Fargo is in fact the only

---

[1] Plaintiff also lists the following Defendants on her Notice, which appear to be non-entities: "Laws broken by Franchise," "Credit Card Fraud," "Bank Account Fraud," and "Mail Fraud." ECF No. 1.

named plaintiff while Peters, her spouse, Jordan Heights Owner's Association, Inc., Portfolio Recovery Association, LLC, and Parties in Possession are all named as co-defendants. ECF No. 2-1. Not only are the parties' designations inconsistent on her Notice and the Iowa state court document, Peters's Notice includes parties that do not appear to be part of the Iowa state court action.

Concerned that the District of Minnesota was the improper venue for removal given that the action appears to have originated in Iowa state court, the Court ordered Peters to (1) show cause why removal of an Iowa state court action to the District of Minnesota is proper, and (2) file a complete record from the Iowa state court, including the original complaint and any amended pleadings. Order to Show Cause, ECF No. 4. Rather than filing any documents from the Iowa state court action, Peters instead requested a refund of her $400 filing fee that she paid in conjunction with the filing of her Notice of Removal. Request, ECF No. 6.

**A.      This action must be remanded**

Section 1441 of Title 28 of the United States Code states:

(a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) states:

(a)      A defendant or defendants desiring to remove any civil action from a State court *shall file in the district court of the United States for the district and division within such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

*Id.* § 1446(a) (emphasis added). It is clear to the Court that Peters's removal to the District of

Minnesota was improper. First, Peters did not file the complaint or any other pleadings from the Iowa state court action as required by § 1441. Second, the District of Minnesota is not the proper venue for removal as the few documents in the record from the state court action show that it originated in Dallas County, Iowa, which is within the boundaries of the U.S. District Court for the Southern District of Iowa. *See* Court Information, Southern District of Iowa, *available at* http://www.iasd.uscourts.gov/?q=court-information. Third, it appears that the forum-defendant rule precludes Peters from removing this action. *See* 28 U.S.C. § 1441(b)(2) (stating that any action predicated on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); ECF No. 2 ¶ 2 (stating that Peters is a citizen of Minnesota, Iowa, Virginia, and New York).

Peters has not established a basis for removal jurisdiction in this District. The Court therefore concludes, *sua sponte*, that this case must be remanded to the Iowa state court for further proceedings.

**B.     Peters's motion for return of filing fee**

Peters seems to agree that this case should be remanded back to the Iowa state court, as she has filed a motion seeking a refund of her $400 filing fee. ECF No. 6. The Court denies her motion.

The Court observes that on December 17, 2015, the Clerk's Office for the District of Minnesota received documents from Peters that were accompanied by a $400 check. ECF No. 5 at 4. The Clerk's Office returned these documents and the check to Peters, informing her that the documents did not pertain to any case that had been filed in this District. *Id.* The letter informed Peters that if she wanted to commence a new civil action, she needed to file either a complaint or a notice of removal and pay a $400 filing fee. *Id.* On December 30, 2015, Peters filed her Notice of

3

Removal and paid her $400 filing fee. *See* ECF No. 1. After apparently realizing that this Court does not have removal jurisdiction over her case, Peters now seeks a refund of her $400 filing fee.

On September 29, 2009, Judge Michael Davis issued an order establishing the procedures for refunding electronic filing fees. The Order states:

> [T]he Clerk of the United States District Court for the District of Minnesota, or his designee, is authorized to refund all fees erroneously paid through the Pay.gov electronic filing fee tool in CM/ECF:
>
> 1. if discovered by the Court or Clerk's Office that a fee has been paid erroneously;
>
> 2. if an attorney files a request for a refund and it can be determined by the Clerk or his designee that the fee has been erroneously paid.

Here, it is unclear whether Peters paid her filing fee electronically. Regardless, the evidence in the record supports a finding that Peters's filing fee was not paid erroneously. Indeed, Peters was specifically instructed by the Clerk of Court that she should only pay the fee if she desired to file a new complaint or a notice of removal. She then explicitly chose to file the present Notice of Removal. The fact that she was mistaken about the proper District for removal does not mean that her fee was paid erroneously. The Court concludes that Peters's motion for a refund of her filing fee must be denied.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **REMANDED** to the Iowa District Court for Dallas County.

It is also **ORDERED** that Peters's motion for a refund of her $400 filing fee (ECF No. 6) is **DENIED**.

DATED: March 7, 2016                                        *s/Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.